Associate Justices—Joseph McKenna of California, Oliver Wendell Holmes of Massachusetts, Pierce Butler of Minnesota, William VanDeventer of Wyoming, Justice Sandford, James Clark McReynolds of Tennessee, Louis D. Brandeis of Massachusetts and George H. Sutherland of Utah.

Clerk—Wm. S. Stansbury, Dist. Columbia.

Deputy Clerk—Philander R. Stansbury.

Marshal—Frank K. Green of Kentucky.

Reporter—Ernest Knaebel of Colorado.

Terms—At Washington, D. C., second Monday in October, annually.

# COURT OF APPEALS of U. S.

### CINCINNATI

The United States is divided into nine Court of Appeals Circuits, each of which is made up of states. For each of these Circuits, the President appoints two Circuit Judges, and a Justice of the Supreme Court is assigned by that court to each Circuit, as Presiding Justice, the three thus selected constituting the Circuit Court of Appeals of the district. Ohio is in the Sixth Circuit.

Sixth Circuit—Comprised of the States of Ohio, Michigan, Tennessee, Kentucky.

Circuit Judges—Loyal E. Knappen, Grand Rapids, Michigan; Arthur C. Denison, Grand Rapids, Michigan; Maurice H. Donahue, New Lexington, Ohio.

Clerk—Arthur B. Mussman, Cincinnati.

Deputy Clerk—Frank A. Hight, Federal Building, Cincinnati.

Terms, at Cincinnati, Federal Building, on the first Monday of October, and adjourned sessions on the Tuesday after the first Monday of each other month in the year, except August and September.

At the October, February and May sessions of the court (called Calendar Sessions), there is a regular and peremptory call of the calendar containing all the cases on the docket, which should be ready for hearing.

At the July session, no cases are heard, except on special order of the court.

### RULES OF COURT

**Return Days**

All appeals, writs of error and citations must be made returnable not exceeding thirty days from the day of signing the citation, whether the return day fall in vacation or in term time, and be served before the return day.

### Briefs

Counsel for defendant in error or appellee before the first day of the term if the clerk deliver to him a printed record of the case 60 days before the first day of such term; or 20 days if the record is delivered not less than 80 days before the first day of such terms, and in all other cases 15 days after receipt of such printed record, within the same time such counsel shall give to counsel of defendant in error or appellee five printed copies of such brief.

No. 699

### NEWTON TEA & SPICE CO. v. UNITED STATES

U. S. Appeals, Sixth Circut

This opinion has not been published except in Abstract.

### 129. CRIMINAL LAW

**Information**—(1) Information for misbranding held insufficient—(2) What certainty in is required —(3) Information for misbranding held not within exception in statute—**Food**—(4) Representations on label held not statement of opinion—(5) Descriptive statements on label must be truthful.

KNAPPEN, C. J.

#### Epitomized Opinion

Defendant was proceeded against by information for the violation of the misbranding provisions of the National Food and Drug Act, 34 St. 768, c. 3915, pars. 2 and 8. The article of food in question is an egg substitute called "Eggno." The produce was not claimed to contain any deleterious ingredients. But the alleged misbranding consisted of the following statements, "to be used in place of eggs in baking and cooking . . , an excellent substitute for eggs . . . use a teaspoonful for each egg called for." The government claimed that these statements were false and misleading in that the produce was not a substitute for eggs. A motion to quash the information because it was indefinite and argumentative was over ruled and a demurrer to the information as not stating facts constituting an offense was also overruled. The trial resulted in a verdict for the government, whereupon the defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. An information under the Food and Drug Act for misbranding charging that the label bore statements that the article was an excellent substitute for eggs and could be used in place of hem for baking and cooking purposes which statements were false and misleading, is sufficiently definite.

2. The certainty required in an information is only such as will fairly inform the defendant of the offense intended to be charged so as to enable him to prepare his defense, and so as to make the judgment a complete defense to a second prosecution for the same offense.

3. The proviso in the Food and Drug Act that an article of food which does not contain any added poisonous or deleterious substance shall not be deemed adulterated or misbranded in certain cases, does not apply to a case where the charge is misbranding and is not direct against the name, but against false statements on the label.

4. Representations on a label are not statements of opinion, but of fact, and evidence of nutritive value is therefore admissible.

5. A label on a food package which undertakes to state generally the nature of the contents is addressed to purchasers and must faithfully advise them respecting the contents.

Attorneys—W. J. McAuley, for Newton Company; Allen G. Roudebush, for U. S.